**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **COSMETIC WARRIORS LTD.,** | Civ. No. 2:18-184 (WJM) |
| Plaintiff, | |
| v. | **ORDER & JUDGMENT** |
| **G'LUSH SALON LLC,** | |
| Defendant. | |

**THIS MATTER** comes before the Court by Plaintiff Cosmetic Warriors Limited's motion for a default judgment against Defendant G'Lush Salon LLC under Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action on January 5, 2018. ECF No. 1. Four days later, Plaintiff served the Complaint on Defendant. ECF No. 5. The time to answer or otherwise respond to the Complaint has expired. *See* Fed. R. Civ. P. 12(a).

To date, Defendant has failed to answer or otherwise respond to the Complaint. Under Federal Rule of Civil Procedure 55(a), the Clerk entered Default against Defendant on March 14, 2018. ECF No. 7. Plaintiff then filed this motion for default judgment on March 20, 2018, and served Defendant with notice of the motion. ECF No. 8. No opposition has been filed.

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). "Where a court enters a

default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

The Court finds the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490–91 (D.N.J. 2009). Second, there lacks a basis for Defendant to claim a meritorious defense, as Plaintiff provided ample evidence that Defendant directly infringed Plaintiff's registered LUSH trademarks. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686–87 (D.N.J. 2015). Third, where, as here, Defendant has failed to respond, there is a presumption of culpability. *Id.* at 687 (citation omitted).

"A permanent injunction issues to a party after winning on the merits and is ordinarily granted upon a finding of trademark infringement." *Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) (citation omitted). The Lanham Act vests courts with the power to provide permanent injunctive relief, 15 U.S.C. § 1116(a), and courts in the Third Circuit award such relief for default judgments in trademark actions. *See, e.g.*, *E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 576–78 (D.N.J. 2014) (granting permanent injunction that enjoined defendants from infringing on plaintiffs' trademarks when defendant's only hardship was to stop its unlawful conduct and it served the public interest to have "a truthful and accurate marketplace"); *Chanel, Inc.*, 133 F. Supp. 3d at 689–90 (granting permanent injunction on default judgment of

trademark infringement claims when defendant's use of plaintiff's marks created consumer confusion and it furthered the public interest to protect registered trademarks).

Plaintiff seeks $17,930.73 in attorneys' fees and costs of the action. The Lanham Act grants a court discretion to award costs and attorneys' fees to the prevailing party in "exceptional cases" brought under the Act. 15 U.S.C. § 1117(a). The Third Circuit has defined "exceptional cases" to ones when "(a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an unreasonable manner." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (citation and internal quotation marks omitted).

The record here shows Defendant failed to litigate this case and has continued to exhibit bad faith and knowing infringement. After receiving cease and desist letters, the summons in this action, and the Clerk's entry of default, Defendant has continued to violate Plaintiff's registered LUSH trademark. Before Plaintiff filed suit, the parties discussed a possible settlement, but Defendant has ceased communications with Plaintiff. Indeed, this is an exceptional case of knowing infringement to justify awarding costs and attorneys' fees. But Plaintiff has yet to submit proof of the submitted costs and attorneys' fees calculation. Absent further explanation or documentation to arguably support granting the requested fees and cost reimbursement, the Court cannot issue a reliable award.

For the foregoing reasons and for good cause appearing;

**IT IS** on this 16th day of April, 2018, hereby,

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED**; and it is further

**ORDERED** that Defendant is hereby **PERMANENTLY ENJOINED** from any future act that uses Cosmetic Warriors' LUSH trademark, including but not limited to the infringing G'LUSH designation and any confusingly similar variations of the same. Defendant is **ORDERED** to immediately remove all exterior and interior signage, as well as signage on all products and uniforms, bearing the G'LUSH designation and immediately discontinue using the G'LUSH designation on or in connection with all advertising and promotional materials. Defendant is also **ORDERED** to immediately discontinue use of the G'LUSH Facebook page and immediately discontinue use of the G'LUSH designation on or in connection with any social networking websites, including but not limited to: Twitter, Pinterest, Snapchat, and Instagram; and it is further

**ORDERED** that Defendant immediately transfer to Cosmetic Warriors the domain name https://www.glushsalon.com/; and it is further

**ORDERED** that Plaintiff's request for costs and attorneys' fees is **DENIED WITHOUT PREJUDICE**. Should Plaintiff wish to renew the request, Plaintiff should submit evidence to substantiate the requested amount pursuant to Local Civil Rule 54.2.

                                                 */s/ William J. Martini*
                                                 **WILLIAM J. MARTINI, U.S.D.J.**